OPINION
{¶ 1} On April 25, 2005, appellee, the Tuscarawas County Job and Family Services, removed Justen James Bourne, born April 22, 2005, directly from the hospital pursuant to court order. Mother of the child is appellant, Vicki Jo Bourne; father is Charles Sanders. The parents have three other children together, and all have been removed by appellee.
 {¶ 2} On April 25, 2005, appellee filed a motion for permanent custody, alleging the child to be dependent. Hearings were held on May 11, June 10, and July 8, 2005. By judgment entries filed June 13, and July 12, 2005, the trial court found the child to be dependent and granted permanent custody of the child to appellee.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 {¶ 4} "THE TRIAL COURT ERRED IN FINDING JUSTEN TO BE A DEPENDENT CHILD PURSUANT TO THE OHIO REVISED CODE SECTION2151.04(D) WITHOUT HAVING ANY CLEAR AND CONVINCING EVIDENCE OF THE CONDITIONS IN THE CHILD'S HOUSEHOLD UPON WHICH TO BASE ITS DECISION AND WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE."
 I {¶ 5} Appellant claims the trial court's decision that the child was a dependent child was against the manifest weight of the evidence. Specifically, appellant claims there was insufficient evidence of her present situation to establish a case for permanent custody. We disagree.
 {¶ 6} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279.
 {¶ 7} In its judgment entry of June 13, 2005, the trial court found the child to be dependent pursuant to R.C. 2151.04(D) which states the following:
 {¶ 8} "As used in this chapter, `dependent child' means any child:
 {¶ 9} "(D) To whom both of the following apply:
 {¶ 10} "(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
 {¶ 11} "(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."
 {¶ 12} The trial court based its decision on the following four facts:
 {¶ 13} "3. In Case Nos. 04JN00351, 03JN00528, and 03JN00004, this Court has taken permanent custody of three children of whom Mr. Sanders and Ms. Bourne are the parents.
 {¶ 14} "4. It is clear that despite the permanent removal of her children as far back as three years ago, Ms. Bourne has not distanced herself enough from Mr. Sanders to ensure her own safety. On numerous occasions, Ms. Bourne has violated court orders, designed for her own protection, to continue her relationship with Mr. Sanders.
 {¶ 15} "5. Ms. Bourne has clearly failed to complete any previous case plan in any significant way. This Court has no evidence to suggest that Ms. Bourne has internalized any parental education or counseling assistance she has been offered in the past.
 {¶ 16} "6. As the trier of fact observing the actual testimony of Ms. Bourne, it was clearly discerned that she has absolutely no real concept of the need to correct her continued negative patterns in her lifestyle. While she seems to regurgitate proper responses to questions concerning her life in general, it is clear that she feels there has never been any justifiable reason for court involvement of any of her children. Over a period of several years, despite an outpouring of services on her behalf, Ms. Bourne has made almost no progress emotionally, psychologically, or intellectually." See, Judgment Entry filed June 13, 2005.
 {¶ 17} In granting permanent custody to appellee, the trial court found, "Pursuant to ORC 2151.419, the Court finds that no reasonable efforts must be expended to reunify this child with his parents."
 {¶ 18} It is undisputed that on three separate occasions, appellant has lost custody of three other children. Appellant argues the trial court judged her past and not her current conditions. Basically, appellant begged the trial court for a fourth chance.
 {¶ 19} Beth Bertini, appellee's ongoing case manager assigned to appellant, opined she had no reason to believe appellant would do any better than before with a case plan. T. at 29, 50. Ms. Bertini testified appellant did not attempt to visit the child, although appellant disputed this. T. at 15-16, 32. Appellant lived with her father and the residence had been deemed unsuitable and remains unsuitable because "previous investigations * * * regarding her father and that there would be concerns for a child or children living in his home." T. at 27, 54. Ms. Bertini also indicated she did not believe appellant would refrain from contacting Mr. Sanders, the child's father and the perpetrator of numerous domestic violence incidents. T. at 33, 52.
 {¶ 20} Appellant does have a job for the first time in all of the agency's involvement with her and her children. T. at 4-5. Appellant argues she will not have any further contact with Mr. Sanders (T. at 9, 71); however, her past history as well as her prior willingness to "give it another try" belie her assertions. T. at 18, 75. When the agency tried to determine the father of the child sub judice, appellant was less than forthright. Appellant gave other names when in fact, Mr. Sanders was the father. T. at 24.
 {¶ 21} The trial court made a difficult decision in the face of appellant's insistence that she had changed and would succeed with a case plan. We find the trial court's decision was based upon present evidence that was sufficient to carry the burden of proof.
 {¶ 22} Upon review, we find the trial court did not err in finding the child to be a dependent child.
 {¶ 23} The sole assignment of error is denied.
 {¶ 24} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is hereby affirmed.
Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is affirmed.